UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL CRESPO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CELINA ALCAZAR,<br><br>　　　　Defendant. | No. 2:21-cv-02031 CKD PS<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS WITHOUT LEAVE TO AMEND |

　　　　This action was referred to the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Plaintiff's pro se complaint filed on November 3, 2021 (ECF No. 1) is before the court for screening.

　　　　Plaintiff filed an application in support of his request to proceed in forma pauperis. (ECF No. 2.) Plaintiff's application makes the showing required by 28 U.S.C. § 1915. The motion to proceed in forma pauperis will be granted.

**I.　　SCREENING REQUIREMENT**

　　　　Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

1  (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the
3  court accepts as true the factual allegations contained in the complaint, unless they are clearly
4  baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff.
5  See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d
6  954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

7  Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines
8  v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory
9  allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council
10 v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of
11 action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57
12 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

13 To state a claim on which relief may be granted, the plaintiff must allege enough facts "to
14 state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial
15 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
16 inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se
17 litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend
18 unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809
19 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v.
20 Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

21     II.    **THE COMPLAINT FAILS TO STATE A CLAIM**
22         A.    **Allegations in the Complaint**
23 Plaintiff names Celina Alcazar as the sole defendant. Plaintiff was previously engaged in a
24 romantic relationship with Ms. Alcazar. While plaintiff was incarcerated, he sent photographs and
25 other belongings to Ms. Alcazar. In April of 2021, Ms. Alcazar notified plaintiff she no longer
26 had his belongings. Plaintiff alleges she has unlawfully kept or destroyed his property. He seeks
27 damages.
28 ////

      **B.**      **Failure to State a Claim**

Plaintiff seeks relief under 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397. To state a claim under Bivens, a plaintiff must allege: (1) a right secured by the Constitution of the United States was violated, and (2) the alleged violation was committed by a federal actor. See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) (superseded by statute on other grounds). To state a claim under 42 U.S.C. § 1983, which provides a similar right of relief against a state actor, a plaintiff must allege a right secured by the Constitution or laws of the United States was violated by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); see also Van Strum, 940 F.2d at 409 (9th Cir. 1991) (discussing the similarity of actions except for the replacement of a state actor under 42 U.S.C. § 1983 by a federal actor under Bivens).

      Here, plaintiff does not allege that Ms. Alcazar is a federal actor or that she acted under color of state law. Private parties do not generally act under color of state law for purposes of 42 U.S.C. § 1983. Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). Private action, no matter how wrongful, is not actionable under Bivens or § 1983. See Holly v. Scott, 434 F.3d 287, 291-92 (4th Cir. 2006) ("courts have recognized the need to limit the liability of private persons" in the § 1983 context and "[t]here exists ample reason to be even more cautious about imputing liability to private actors under Bivens").

      Although plaintiff alleges that Ms. Alcazar unlawfully kept or destroyed his property, Ms. Alcazar is not a federal actor and did not act under color of state law. The facts alleged make clear that Ms. Alcazar is a private party. Plaintiff cannot state a claim under Bivens or under 42 U.S.C. § 1983 for her alleged private conduct. See Van Strum, 940 F.2d at 409; Price, 939 F.2d at 707-08.

**III.**      **CONCLUSION**

      Leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). In this case, however, the deficiencies in the complaint cannot be cured by the allegation of

additional facts. Under these circumstances, leave to amend would be futile. See Lucas v. Dep't of Corrs., 66 F.3d 245, 248 (9th Cir. 1995).

In accordance with the above, IT IS ORDERED:

1. The Clerk of the Court shall assign a district judge to this case; and

2. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

In addition, IT IS RECOMMENDED:

1. Plaintiff's complaint (ECF No. 1) be DISMISSED without leave to amend for failure to state a claim; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 28, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Crespo.21cv2031.screen.fr

4